| | | | |
|---|---|---|---|
| Case No. | **CV 19-6588-DMG (ASx)** | Date | November 6, 2019 |
| Title | *Jason Alan v. Equifax, Inc.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER RE PLAINTIFF'S MOTION FOR REMAND AND DEFENDANT'S MOTION TO STAY [7, 14]**

This matter is before the Court on Defendant's Motion to Stay and Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs ("MTR"). [Doc. ## 7, 14.] For the reasons set forth below, the Motion to Remand is **GRANTED**, the Request for Attorneys' Fees is **DENIED**, and the Motion to Stay is **DENIED** as moot.

## I.
## INTRODUCTION

On July 9, 2019, Plaintiff Jason Alan filed a complaint in Ventura County Superior Court against Defendant Equifax Credit Information Services, Inc., for violations of Cal. Civ. Code section 1714(a) and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code section 1785.25(a). Compl. [Doc. # 1-2]. Section 1714(a) provides that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ." Cal. Civ. Code § 1714(a). Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." *Id.* at § 1785.25(a).

On July 30, 2019, Defendant removed the case to federal court, asserting federal question jurisdiction under 28 U.S.C. § 1441(a) due to the Complaint's references to the Fair Credit Reporting Act (FCRA). Not. of Removal at ¶ 3-5 [Doc. # 1]. On August 6, 2019, Defendant filed a motion to stay pending a final decision by the Judicial Panel on Multidistrict Litigation to transfer the case to the Northern District of Georgia for inclusion in the proceeding *In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800. [Doc # 7.] On August 12, 2019, Plaintiff filed a Motion to Remand. [Doc # 14.] Both motions have been fully briefed. [Doc. ## 19 ("MTR Opp."), 20, 22, 23.]

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-6588-DMG (ASx)** | Date | November 6, 2019 |
| Title | *Jason Alan v. Equifax, Inc.* | Page | 2 of 4 |

# II.
# DISCUSSION

### A.    The Court Resolves the Motion to Remand Before the Motion to Stay

"Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer." *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. SA CV 15-0687-DOC, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015). Defendant suggests, however, that the Court use the three-part test articulated in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), to determine priority in resolving the MTR and Motion to Stay. MTR Opp. at 4-5.[1] Though the Ninth Circuit has not expressly adopted the *Meyers* test, the Court, and others in this district, consider it persuasive. "Under the *Meyers* test, courts should (1) 'give preliminary scrutiny to the motion to remand'; (2) assess whether 'the jurisdictional issue appears factually or legally difficult'; and (3) consider whether the 'jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred.'" *Jones v. Sanofi US Servs. Inc.*, No. CV 18-8268-R, 2018 WL 6842605, at *1 (C.D. Cal. Nov. 19, 2018) (quoting *Meyers*, 143 F. Supp. 2d at 1049). If preliminary scrutiny "suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Meyers*, 143 F. Supp. 2d at 1049.

Using the *Meyers* test as an aid, the Court begins with preliminary scrutiny of Plaintiff's Motion to Remand to determine "whether the jurisdictional issue appears factually or legally difficult." *Id.*

### B.    Plaintiff Does Not Allege a Claim That Establishes Federal Question Jurisdiction

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

Plaintiff's Complaint brings claims for damages arising under Sections 1714(a) and 1785.25(a) of the California Civil Code. Compl. at ¶ 2, 34-40. Defendant argues that, though

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

not explicitly pleaded, Plaintiff's Complaint also asserts violations of the FCRA, providing a basis for federal question jurisdiction. MTR Opp. at 7-8. Defendant does not make a legal argument that Plaintiff's CCRAA case was preempted for federal law or involves a substantial question of federal law. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana ("ARCO")*, 213 F.3d 1108, 1114 (9th Cir. 2000) (finding federal question jurisdiction over a state law claim (1) where the state law is "completely" preempted by the federal law, and (2) "where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."). Instead, Defendant makes a factual assertion that Plaintiff in fact stated a claim for violation of sections 1681n and 1681o of the FCRA, pointing to seven paragraphs in Plaintiff's Complaint that refer to the FRCA and Defendants' violations. MTR Opp. at 7-8.

This is a simple jurisdictional issue, legally and factually, that relies on the face of the Complaint. *See Meyers*, 143 F. Supp. 2d at 1049. The Court will therefore complete its scrutiny of Plaintiff's motion to remand. *See id.*

In general, the plaintiff is the "master of the complaint," and may choose "not to plead independent federal claims" in a complaint based on state law causes of action. *ARCO*, 213 F.3d at 1114. It is true that "a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'" *Rains v. Criterion Sys.*, 80 F.3d 339, 344 (9th Cir. 1996) (citing *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984)). But "[c]onversely, the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

Federal law is not essential to the CCRAA claim under Cal Civ. Code section 1785.25(a). Defendant does not argue that the FCRA is a necessary element of the Section 1785.25(a) CCRAA claim, and that section is not completely preempted by the FCRA. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1169 (9th Cir. 2009) ("Section 1681t(b)(1)(F), the FCRA's preemption provision, expressly exempts *this subsection*—California Civil Code section 1785.25(a)—from its general exclusion of state law claims on matters governed by § 1681s-2."). Therefore, the Complaint's "mere reference" to the FCRA is not enough to convert the CCRAA claim into a federal cause of action. *Easton*, 114 F.3d at 982.

Because Plaintiff did not assert a claim subject to federal jurisdiction, removal on the basis of a federal question was improper.[2]

### III.
### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Request for Attorneys' Fees. Defendants' Motion to Stay [Doc. # 12] is **DENIED as moot**. The case is hereby **REMANDED** to Ventura County Superior Court.

**IT IS SO ORDERED**.

---

[2] Plaintiff also argues that he is entitled to attorneys' fees for costs and expenses incurred as a result of Defendants' bad-faith removal. MTR at 10. *Pro se* plaintiffs are not entitled to attorneys' fees. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991). Therefore, the Court **DENIES** the request for fees. Plaintiff shall file a declaration forthwith stating what costs he incurred in filing his motion to remand. *See* 28 U.S.C. § 1920 (recoverable costs). Thereafter, the Court will consider whether to award reasonable costs.